**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 14-57852 -CRM |
| ELAINE SYLVIA BROWN, | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ELAINE SYLVIA BROWN, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| OCWEN LOAN SERVICING, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MOTION TO VALUE COLLATERAL AND MODIFY RIGHTS OF
OCWEN LOAN SERVICING PURSUANT TO
PURSUANT TO 11 U.S.C. §506 AND §1322**

COME NOW THE DEBTOR in the above-styled Chapter 13 case, by and through counsel, and file this "Motion to Value Collateral and Modify Rights of OCWEN LOAN SERVICING Pursuant to 11 U.S.C. §506 and §1322" ("Motion"), showing to this Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 151, and 28 U.S.C. Section 157.

2.

This Court is the proper venue for this matter pursuant to 28 U.S.C. Section 1409.

3.

This matter is a core proceeding within the contemplation of 28 U.S.C. Section 157.

4.

This motion is brought pursuant to 11 U.S.C. Section 506(a) and (d), 11 U.S.C. Section 1322, Rule 3012 F.R. Bankr. P. and Rule 9014 F.R. Bankr. P.

5.

Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on April 21, 2014 and is eligible for relief under 11 U.S.C. §109.

6.

Pursuant to Rule 7004(h)(2) of the Federal Rules of Bankruptcy Procedure, the Respondent, an insured depository institution, may be served by certified mail sent to an officer of the institution, Ronald M. Faris, CEO of Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

7.

Debtor owns real property located at 265 Millstone Drive, Hampton, Henry County, Georgia 30228 ("Residence").

8.

Debtor's ownership interests in the residence are encumbered by two liens:

a. Debtor's interests in the real estate are subject to a first lien arising out of a mortgage in favor of OneWest Bank, FSB with an outstanding balance of approximately $143,347.17 as of the filing date of the petition in the instant chapter 13 case. OneWest Bank, FSB has filed a claim, Claim Number 8 on the claims register, in the amount of $143,347.17. The claim is attached hereto as "Exhibit A."

b. Debtor's interests in the real estate are subject to a second, junior lien arising out of a mortgage in favor of Respondent with an outstanding balance of approximately $36,069.00 as of the filing date of the petition in the instant chapter 13 case. As of the filing of this motion the Respondent has not filed a proof of claim.

9.

Debtor has scheduled the value of the residence at the time of the filing of this case at $110,348.00. The current estimated market value at the time of the filing of this motion is $110,348.00 as evidenced by the Zillow Proof of Home Value attached hereto as "Exhibit B."

10.

Based on the above valuations, the amount of the first-priority mortgage exceeds the value of the property.

11.

Pursuant to 11 U.S.C. §506(a) Debtor second-priority mortgage held by Respondent referenced above is wholly unsecured. Pursuant to 11 U.S.C. §506(d), the lien Respondent holds is subject to a "lien strip".

12.

The Debtor Chapter 13 Plan filed on April 21, 2014 proposes to treat the wholly unsecured second-priority lien of Respondent as a general unsecured debt. The proposed Chapter 13 Plan is attached hereto as "Exhibit C."

13.

Respondent, holding a wholly unsecured second-priority lien, should be ordered to execute a lien release pursuant to the Eleventh Circuit Court's holding in the case of **In re Tanner**, 217 F.3d. 1357 (11th Circ. 2000).

WHEREFORE, Debtor pray:

(a) That this Motion be filed, read, and considered;

(b) That this Honorable Court "strip off" and extinguish Respondents wholly unsecured second mortgage lien pursuant to 11 U.S.C. § 506(a); and,

(c) That effective upon entry of a discharge in the Debtors' chapter 13 case, the lien of Respondent be voided without further order pursuant to 11 U.S.C. § 506 (d); and

(d) That Respondent's claim be reclassified as a general unsecured claim to receive a pro rata distribution with other general unsecured creditors through the Debtors' chapter 13 plan, and;

(e) That this Honorable Court grant such further relief as it may deem just and proper.

Respectfully submitted,

/s/

Susan Shiptenko
GA Bar No. 374402
Attorney for Debtor
BERRY AND ASSOCIATES
2751 Buford Hwy, Suite 400
Atlanta, GA 30324
(404) 235-3300
Susan@mattberry.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT** **FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

**PROOF OF CLAIM**

Name of Debtor:
Elaine Sylvia Brown

Case Number:
13-65987-CRM

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
OneWest Bank, FSB

**COURT USE ONLY**

Name and address where notices should be sent:
OneWest Bank, FSB
P.O. Box 829009
Dallas, Texas 75382-9009

Telephone Number: (800) 781-7399 email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: ________
*(If Known)*

*Filed on* ________________

Name and address where payment should be sent: (if different from above):
OneWest Bank, FSB
Cashiering Department
6900 Beatrice Drive
Kalamazoo, Michigan 49009

Telephone Number: (800) 781-7399 email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $143,347.17

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money Loaned
(See instruction #2)

**3. Last four digits of any number by which the creditor identifies debtor:**
xxxxxx7559

**3a. Debtor may have scheduled account as:**
________________
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
________________
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien or property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of Property or right of setoff:** ☒ **Real Estate** ☐ **Motor Vehicle** ☐ **Other**
**Describe:** 265 Millstone Drive, Hampton, Georgia 30228

**Value of Property:** ________________

**Annual Interest Rate:** 4.1250% ☒ Fixed or ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$0.00

**Basis for perfection:** Recordation of Lien

**Amount of Secured Claim:** $143,347.17

**Amount of Unsecured:** ________________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a) (1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a) (__).

**Amount entitled to priority:**
________________

**Amounts are subject to adjustment on 04/01/2016 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (04/13)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "**redacted**.")*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature**: (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☒ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Craig A. Edelman**
Title: Authorized Agent for OneWest Bank, FSB
Company: Buckley Madole, P.C.

/s/ **Craig A. Edelman**
Signature

Address and telephone number (if different from notice address above):
P. O. Box 829009
Dallas, Texas 75382-9009

**09/25/2013**
Date

Telephone: (972) 643-6600 Email: POCInquiries@BuckleyMadole.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B10Form_Ver001 : 6508-N-6051

B 10 (Attachment A) (12/11)
Chapter: 13

FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION
Judge: C. Ray Mullins Trustee: Nancy J. Whaley:

# Mortgage Proof of Claim Attachment

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim.** See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| **Name of debtor:** | Elaine Sylvia Brown | **Case Number:** | 13-65987-CRM |
| **Name of creditor:** | OneWest Bank, FSB | **Last four digits** of any number you identify the debtor's account: | xxxxxx7559 |

## Part 1: Statement of Principal and Interest Due as of the Loan Modification Date (08/01/2013)

**Itemize the principal and interest due on the claim as of the loan modification date** (include in the Amount of Claim listed in item 1 of your Proof of Claim form).

1. **Principal due** (1) **$144,258.37**

2. **Interest due**

| Interest Rate | From | To | Amount |
|---|---|---|---|
| 4.125% | 07/01/2013 | 08/01/2013 | $358.53 |

**Total interest due as of the loan modification date $358.53** Copy total here > (2) + **$358.53**

3. **Total principal and interest due** (3) **$144,616.90**

## Part 2: Statement of Loan Modification Fees, Expenses, and Charges

**Itemize the fees, expenses, and charges due on the claim as of the loan modification date** (include in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | Amount |
|---|---|---|
| 1. Late Charges | | (1) |
| 2. Non-sufficient funds (NSF) fees | | (2) |
| 3. Attorney fees | | (3) |
| 4. Filing fees and court costs | | (4) |
| 5. Advertisement costs | | (5) |
| 6. Sheriff/auctioneer fees | | (6) |
| 7. Title costs | | (7) |
| 8. Recording fees | | (8) |
| 9. Appraisal/broker's price opinion fees | 1 @ $145.00 incurred on 07/31/13 | (9) $145.00 |
| 10. Property inspection fees | | (10) |
| 11. Tax advances (non-escrow) | | (11) |
| 12. Insurance advances (non-escrow) | | (12) |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) |
| 14. Property preservation expenses. | | (14) |
| 15. Other. Specify: | | (15) |
| 16. Other. Specify: | | (16) |
| 17. Other. Specify: | | (17) |
| 18. **Total loan modification fees, expenses, and charges.** Add all of the amounts listed above. | | (18) $145.00 |

## Part 3: Statement of Amount Necessary to Cure Default as of the Loan Modification Date

**Does the installment payment amount include an escrow deposit?**

☐ No

☒ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the **loan modification** date in a form consistent with applicable nonbankruptcy law.

---

1. **Installment payments due**

   Date last payment received by creditor: 06/03/2013

   Number of installment payments due: (1) 1

2. **Amount of installment payments due**

   August 2013 to August 2013 — 1 post-loan modification installment @ $673.54 = $673.54

   **Total installment payments due as of the loan modification date** — $673.54 — Copy total here > (2) $673.54

3. **Calculation of cure amount**

   **Add total loan modification fees, expenses, and charges** — Copy total here Part 2 > + $145.00

   **Subtract total of unapplied funds** (funds received but not credited to account) — ($818.54)

   Pre-petition suspense ($818.54)

   **Subtract amounts for which debtor is entitled to a refund** — ____________

   **Total amount necessary to cure default as of the loan modification date** — (3) **$0.00**

   Copy total onto Item 4 of Proof of Claim form

Your monthly payment amount may change due to an escrow requirement and/or interest rate adjustment. Your current payment amount and any upcoming changes are provided below.

| Effective Date | Effective Amount |
|---|---|
| 09/01/2013 | $673.54 |
| 11/01/2013 | $706.02 |

# EXHIBIT B

Location: City, State, or ZIP

Georgia Hampton 30228 265 Millstone Dr

Views: 71

# 265 Millstone Dr, Hampton, GA 30228

**Pre-Foreclosure (Auction)**

Foreclosure Est: $105,934

Below Zestimate®: $4,414 (4.0%)

Moving? Get low natural gas rates w / Gas South!

| | |
|---|---|
| **Bedrooms:** | 4 beds |
| **Bathrooms:** | 2.5 baths |
| **Single Family:** | 2,606 sq ft |
| **Lot:** | Contact for details |
| **Year Built:** | 2006 |
| **Last Sold:** | Dec 2006 for $179,400 |
| **Heating Type:** | Forced air |

Map | Bird's Eye | Street View




Claim your home | Save | Hide | Get updates | Email | more

## Foreclosure Information

| | | | |
|---|---|---|---|
| APR 12 2013 | **Foreclosure auction** | $143,520 unpaid balance | The owner of this property has been served a Notice of Sale. This property was scheduled to be sold at a foreclosure auction at **COURTHOUSE DOOR OF HENRY COUNTY, MCDONOUGH**. Because auction dates often change or are postponed, it is unknown at this time if this auction was held. Please confirm with a foreclosure specialist. |
| | **Home in default** | | Public records indicate the owner of this property is in pre-foreclosure. |
| DEC 6 2006 | **Loan issued** | | A loan was issued by **ONEWEST BANK** on **12/06/06**. |
| DEC 13 2006 | **Previous sale** | $179,400 | This home last sold for **$179,400**. |

## Foreclosure Trustee or Attorney

| | |
|---|---|
| Name: | ALBERTELLI LAW |
| Address: | 100 GALLERIA PARKWAY SUITE 960, ATLANTA NAVAL AIR STATION, GA 30339 |
| Phone: | (866) 690-0418 |

More foreclosure information

Learn more at Zillow Foreclosure Center

## Contact a foreclosure specialist

Find foreclosure specialists in your area. Visit our professional directory.

Find a foreclosure specialist

## Similar Homes for Sale



1129 Watercourse Way,...

**For Sale:** $62,500

Beds: 4 Sqft: 2370
Baths: 3.5 Lot: 0.5 ac

See listings near 265 Millstone Dr






## Nearby Similar Sales

333 Cobblestone Ct, Hampton, GA 30228

**Sold on 10/10/2013:** $120,000

Beds: 4 Sqft: 2677
Baths: 3.0 Lot: --

246 Millstone Dr, Hampton, GA 30228

**Sold on 4/26/2013:** $120,000

Beds: 4 Sqft: 2784
Baths: 2.5 Lot: --

## Description

This 2606 square foot single family home has 4 bedrooms and 2.5 bathrooms. It is located at 265 Millstone Dr Hampton, Georgia.

| | | |
|---|---|---|
| **Cooling**<br>Central | **Parking**<br>Garage - Attached | **Basement Type**<br>Unknown |
| **Fireplace**<br>Yes | **Floor Covering**<br>Unknown | **Attic**<br>Unknown |

More County website See data sources

## Home Values

Add owner estimate

Zestimate
**$110,348**
+$5,471 Last 30 days
$105K $119K
Zestimate range

Rent Zestimate
**$1,206/mo**
+$1 Last 30 days
$1.1K $1.3K
Zestimate range

Zestimate forecast
**$121,339**
+10.0%
One year

**Zestimate** | Rent Zestimate | more    1 year | 5 years | **10 years**




## Price History

| Date | Event | Price | $/sqft | Source |
|---|---|---|---|---|
| 12/13/06 | Sold | $179,400 | $68 | Public Record |

## Tax History

Find assessor information on the county website

| Year | Property taxes | Change | Tax assessment | Change |
|---|---|---|---|---|
| 2012 | $1,123 | -19.6% | $36,280 | -18.5% |
| 2011 | $1,397 | -3.1% | $44,520 | -2.6% |
| 2010 | $1,441 | -27.0% | $45,720 | -25.5% |

More

View Your 2014 Credit Score Instantly for $1

## Monthly Payment

Mortgage payment breakdown for the home price of $110,348

307 Millstone Dr, Hampton, GA 30228
**Sold on 3/25/2014:** $120,000
Beds: 4 Sqft: 2294
Baths: 3.0 Lot: --

See sales similar to 265 Millstone Dr

**Featured Partners**

**Your Credit Report & Score Online**
Experian.com
Check your Credit Score in 2 easy steps for $1

**Need a natural gas provider?**
www.gas-south.com/moving
Sign up with Gas South for low rates and never pay a deposit!

**Capital One**
www.capitalone360.com/purchase
Get $1000 Off Closing Costs

**Percent down:** 20% ($22,070)

**Program:** 30yr fixed 4.242%

**Credit Score:** 760 and above

See personalized rates

| Estimated Payment | $616 |
|---|---|
| Principal & Interest | $434 |
| Taxes | $115 |
| Homeowners Insurance | $67 |
| Mortgage Insurance | $0 |



## Home Expenses

| | | |
|---|---|---|
| **Internet, phone and TV** | AT&T | **$79.00**/mo |
| **Home security** | ADT | **$39.99**/mo |
| **Property tax** | County website | **$1,123**/yr |

## Home Design

Thinking remodel? See home ideas and estimates.



Estimate $6800



Estimate $13700



Zillow Digs™

## Neighborhood

View larger map

Foreclosures will be a factor impacting home values in the next several years. In the 30228 market, the number of foreclosures…

More

Home Values

Listings



## Nearby Schools in Hampton

Data by GreatSchools.org

| | | Grades | Distance |
|---|---|---|---|
| 8 out of 10 | **Rocky Creek Elementary** (assigned) | PK-5 | 1.4 mi |
| 6 out of 10 | **Hampton Middle** (assigned) | 6-8 | 1.3 mi |

**More schools in Hampton**

## Contact a foreclosure specialist

Find foreclosure specialists in your area. Visit our professional directory.

Find a foreclosure specialist

**Nearby Cities**
- Bonanza
- Conley
- Forest Park
- Irondale
- Jonesboro
- Lake City
- Lovejoy
- Morrow
- Rex
- Riverdale
- Ellenw ood
- Spring Valley
- Springfield
- Stagecoach Manor
- Stanebrook
- Sun Valley
- Sussex Manor
- The Springs
- The Willow s
- Thornton Estates

**Nearby Zip Codes**
- 30228
- 30236
- 30260
- 30274

**Other Hampton Topics**
- Apartments for Rent in 30228
- Houses for Sale in 30228
- Houses for Rent in 30228
- 30228 Real Estate
- Hampton Condos
- Houses for Sale in Hampton
- New est Listings in Hampton
- Hampton Home Values
- Hampton Real Estate Agents
- Hampton Refinance
- Hampton Mortgage Rates

265 Millstone Dr, Hampton, GA, 30228 is a single family home of 2,606 sqft. Zillow 's Zestimate® for 265 Millstone Dr is $110,348 and the Rent Zestimate® is $1,206/mo. This single family home has 4 bedrooms, 2.5 baths, and w as built in 2006. The 4 bed single family home at 1129 Watercourse Way in Hampton is comparable and for sale for $62,500. This home is located in Hampton in zip code 30228. The closest ZIP codes are 30274 and 30260. Thornton Estates, The Willow s, and The Springs are the nearest cities.



Yahoo!-Zillow Real Estate Network © 2006-2014 Zillow Follow us

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE: Elaine Sylvia Brown** | : | **Case No.**: 14-57852-CRM |
| | : | CHAPTER 13 |
| **DEBTOR** | : | |
| | : | |
| | : | |

# CHAPTER 13 PLAN

**Extension ( )** **Composition (X)**

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of $330.00 per month to Trustee by (X) Payroll Deduction(s) for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

( ) IF CHECKED, Plan payments will increase by $________________ monthly in _________________, upon completion or termination of ______________________. The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

A. **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

B. **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $5,000.00. The amount of $0.00 was paid prior to the filing of the case. The balance of $5,000.00 will be paid as follows:

(i.) Such funds remaining in the possession of the trustee after payment of trustee fees and Adequate Protection payments, not to exceed $5,000.00, to be paid at the initial disbursement following confirmation of the plan.

(ii.) $240.00 will be paid on a monthly basis until the fee is paid in full. If the case is dismissed or converted prior to confirmation, the Trustee shall pay up to $5,000.00 from available funds.

(iii) Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If no objection to the application is timely filed, then the application will stand approved without further notice or hearing. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with the paragraph (B)(ii), above. If the base fee has been paid in full, then the fee shall be paid up to $240.00 per month, and the distributions to creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

5. **Priority Claims.**

**A. Domestic Support Obligations.**

None.

B. **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)Creditor | (b)Estimated claim |
|---|---|
| | |

6. **Secured Claims.**

A. **Claims Secured by Personal Property Which Debtor Intends to Retain.**

i. **<u>Adequate protection payments</u>.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to§ 1326(a)(1)(C).

Each creditor listed below shall have an administrative lien on its respective payment(s), subject to objection.

Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan:

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Monthly Adequate Protection Payments |
|---|---|---|
| World Omni Financial | 2007 Toyota Corolla | $71.00 |

ii. **Post Confirmation payments.** After confirmation of the plan, monthly payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). After the confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Claim amount | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| | | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement Value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| World Omni Financial | 2007 Toyota Corolla | 4/1/07 | $5,625.00 | 4% | $71.00 step to 166.00 in March 2016 |
| Why Pay More Appliances and Mattress | HHG | 4/12/12 | $500.00 | 4% | $0.00 step to 20.00 in March 2016 |

(c). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due*. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

All post-petition mortgage payments made by the debtor(s) are to be credited and applied by the mortgage holder, its agent or assignee in accordance with the mortgage note and Deed in Trust/Deed to Secure Debt. Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed by Order of the Court."

All payments made hereunder by the chapter 13 Trustee to the mortgage holder, its agent or assignee are to be applied to the pre-petition arrearage and those fees and costs in the creditors allowed proof of claim.

* Second mortgage to Ocwen Loan Servicing will not be paid post-petition. Please see Debtor's Motion to Determine Secured Status.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| OneWest Bank, FSB | SFDD 265 Millstone Dr., Hampton, GA | $0.00 | $0.00 |
| The Association at Cobblestone | SFDD 265 Millstone Dr., Hampton, GA | $4,500.00 | $0.00 step to 125.00 in March 2016 |

B. **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as general, unsecured debt. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

None.

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $40,752.21. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.00 or 0% whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

None.

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

A. **Special classes of unsecured claims.**

B. **Other direct payments to creditors.**

C. **Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded as classified in the proof of claim as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim. Allowed claims in this class shall receive 5% interest.

D. **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

None.

**E. Miscellaneous provisions**.

**i**. Any federal tax refund that is issued to the Debtor for a tax year ending within the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor(s) authorize(s) and instruct(s) the Internal Revenue Service to send any refund for said years directly to the Debtor(s) Chapter 13 Trustee. Any refund that is less than $1,500.00 may be retained by the debtor upon written request by Debtor to the trustee along with any substantiating documents without further notice or hearing from this court.

**ii. DEBTOR INTENDS TO FILE A MOTION TO DETERMINE SECURED STATUS OF THE SECOND MORTGAGE LIEN HELD BY OCWEN LOAN SERVICING. UNLESS UPON FURTHER MOTION, NOTICE AND HEARING THE COURT ORDERS OTHERWISE, THE LIEN SHALL BE AVOIDED UPON ENTRY OF THE DISCHARGE. UPON ENTRY OF AN ORDER GRANTING THE MOTION TO DETERMINE SECURED STATUS, THE DEBT SHALL BE TREATED AS A GENERAL UNSECURED.**

Date: April 21, 2014

__________/s/_______________

Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Hwy
Suite 400
Atlanta, Georgia 30324
(404) 235-3300
mberry@mattberry.com

_____________/s/___________________

Elaine Sylvia Brown

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 14-57852 -CRM |
| ELAINE SYLVIA BROWN, | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ELAINE SYLVIA BROWN, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| OCWEN LOAN SERVICING, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**NOTICE OF ASSIGNMENT OF HEARING**

**PLEASE TAKE NOTICE** that the above referenced Debtors have filed a "Motion to Value Collateral and Modify Rights of OCWEN LOAN SERVICING Pursuant to 11 U.S.C. § 506 and § 1322" (Motion) and related papers with the Court seeking an order on the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in Courtroom 1203, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, on **June 24, 2014** at **10:00 A.M.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: May 12, 2014

/s/
Susan Shiptenko, GA Bar No. 374402
BERRY & ASSOCIATES
2751 Buford Highway, Suite 400
Atlanta, GA 30324

## CERTIFICATE OF SERVICE

This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the following parties with a copy of the attached pleadings by placing true copies of same in the United States Mail with adequate postage affixed to insure delivery, addressed to:

Nancy J. Whaley
Chapter 13 Trustee
303 Peachtree Center
Suite 120
Atlanta, Georgia 30303

Elaine Slyvia Brown
265 Millstone Drive
Hampton, Georgia 30228

Ronald M. Faris
CEO of Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409
(Additionally served by certified mail)

Ocwen Loan Servicing
3451 Hammond Avenue
Waterloo, IA 50702

This the 12th day of May, 2014.

/s/
Susan Shiptenko
GA Bar No. 374402
Attorney for the Debtor

BERRY & ASSOCIATES
2751 Buford Highway, Suite 400
Atlanta, GA 30324
(404) 235-3300